Howard SAFFOLD, Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 91 C 1947.

United States District Court,
N.D. Illinois, E.D.

Aug. 26, 1991.

Paul Ehrich Bateman (argued), Timothy W. Wright, III, Sachnoff & Weaver, Ltd., Chicago, Ill., for plaintiff.

John Roche, Asst. Corp. Counsel, for defendant.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Plaintiff Howard Saffold has brought suit against the City of Chicago ("the City") pursuant to 42 U.S.C. § 1983, claiming that defendant, without prior notice, has effected a forfeiture of 117 vacation days that plaintiff earned pursuant to a City of Chicago Police Department General Order. The City now moves to dismiss Saffold's single-count complaint.[1] As set forth below, the motion is granted.

### I. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favor-

able to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth*).

### II. Background

Effective November 2, 1984, the Chicago Police Department (the "Police Department") implemented General Order No. 84–F ("General Order"), which provided that all "vacations and furloughs must be taken within the calendar year." This General Order, however, excluded from its coverage members in the exempt ranks whose vacations and furloughs would be selected with the approval of the individual's bureau deputy superintendent or division chief.

Saffold was employed by the Police Department from November 1965 to January 27, 1991. During the period of April 1983 through April 1989, Saffold was assigned to an exempt security position in the Detailed Services Section guarding the late Mayor Harold Washington and former Acting Mayor Eugene Sawyer. From 1983 to 1987, plaintiff claims to have earned, pursuant to the General Order, 117 days of vacation time which he was unable to use due to the requirements of his security assignment. Plaintiff further claims that he demanded cash compensation for his unused vacation time, but the City denied this request in direct contradiction to the General Order. Saffold contends that this denial deprived him of a constitutionally protected property right without due process of law.

### III. Discussion

Saffold maintains that the City has violated 42 U.S.C. § 1983 by failing to provide him with notice prior to the forfeiture of his 117 vacation days, earned pursuant to the General Order.

The City has moved to dismiss Saffold's § 1983 claim on three separate grounds. First, it contends Saffold has failed to plead that his alleged deprivation resulted from some official policy or custom attributable to the City. Second, it asserts that Saffold has failed to adequately plead the

---

1. Initially, plaintiff's verified complaint consisted of two separate counts. However, Count II, alleging a state-law claim of breach of contract, was dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

deprivation of a right protected by the Fourteenth Amendment. Finally, the City argues that, even if Saffold has adequately pleaded the existence of a constitutionally protected interest, he was not deprived of that interest without due process of law. Because we agree that Saffold has failed to allege sufficient facts to establish municipal liability, we do not reach the city's other arguments.

The Supreme Court, in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), established a theory of municipal liability under § 1983 for constitutional violations caused by their official policies, including unwritten customs. At the same time, the Court in *Monell* rejected the notion that municipal liability may rest solely on a theory of *respondeat superior*. *Id.* at 691, 98 S.Ct. at 2036. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflict injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2037–38.

Eight years later in *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Court, in an effort to clarify the scope of municipal liability under § 1983, addressed the issue of whether and when an isolated decision made by a municipal official constitutes a "policy or custom" sufficient to hold the municipality liable under *Monell*. A plurality of the Court held that only those officials who possess "final policymaking authority" in a given area may, by their ac-

tions, subject a municipality to § 1983 liability for an isolated decision in that area of the city's business. *Id.* at 483–84, 106 S.Ct. at 1300. Although noting that the question of whether a particular municipal official has "final policymaking authority" is determined by reference to state law, *City of Saint Louis v. Praprotnik*, 485 U.S. 112, 124, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988); *Pembaur*, 475 U.S. at 483, 106 S.Ct. at 1300, the Court in *Praprotnik* set forth an elaborate definition of "final policymaking authority" for the purposes of municipal liability under § 1983: "[T]he authority to make municipal policy is necessarily the authority to make *final* policy. [Citation omitted]. When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality." *Praprotnik*, 485 U.S. at 127, 108 S.Ct. at 926 (emphasis in original).

Under the principles set forth in *Monell* and its progeny, we conclude that Saffold has not alleged facts sufficient to establish municipal liability on the part of the City under § 1983. Saffold does not allege that any policy or custom of the City was the proximate cause of his alleged injury. To the contrary, the policy that Saffold claims to demonstrate municipal liability (General Order No. 84–F) is the same policy he relies on to establish a property interest in the vacation days he has earned. Rather than arguing that the General Order constitutes an unconstitutional benefit scheme, Saffold is merely claiming that some official within the Police Department misapplied the policy in his individual case.[2] This allegation is insufficient to establish municipal liability under § 1983. *See Parker v. Chicago Housing*

---

**2.** Although we presently need not decide the issue, even if we assume a constitutionally protected property right, there is no reason to believe that the deprivation claimed by Saffold cannot be redressed adequately in state court under a breach of contract theory. The asserted misapplication of General Order 84–F would appear to represent the type of random, unauthorized and unpredictable deprivation by an individual state actor that does not constitute a violation of the Fourteenth Amendment due

process clause if a meaningful post-deprivation remedy for the loss is available. *See Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part, not relevant here, by *Daniels v. Williams*, 474 U.S. 327, 330–331, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986)).

*Auth.*, 730 F.Supp. 115 (N.D.Ill.1989) (allegation that certain CHA employees failed to follow or honor the due process provisions set forth in the CHA manual when recommending plaintiff's termination is insufficient to establish municipal liability under § 1983).

### IV. Conclusion

Plaintiff has failed to allege facts sufficient to establish municipal liability under 42 U.S.C. § 1983. Accordingly, we grant defendant's motion to dismiss plaintiff Howard Saffold's complaint. It is so ordered.